IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRANCE WILLIAMS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | No. 2:21-cv-02113-JTF-atc |
| ) | |
| v. ) | |
| ) | |
| DERRIUS DAVIS, ET AL., ) | |
| ) | |
|    Defendants. ) | |
| ) | |

**ORDER VACATING THE ORDER DATED MARCH 4, 2022 (ECF NO. 13);
GRANTING WILLIAMS'S APPLICATION FOR EXTENSION OF TIME
TO AMEND (ECF NO. 14);
AND ORDERING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT DAVIS
SHOULD NOT BE DISMISSED FROM THE CASE**

On February 25, 2021, Plaintiff Terrance Williams, who is incarcerated at the Shelby County Criminal Justice Center (the "Jail") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On April 14, 2021, the Court granted leave for Williams to proceed *in forma pauperis*. (ECF No. 5.) On April 21, 2021, Williams filed an amended complaint. (ECF No. 6.) On February 9, 2022, the Court: (1) consolidated Williams's initial complaint (ECF No. 1) and amended complaint (ECF No. 6) for screening purposes (the "Consolidated Complaint") under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*.; (2) partially dismissed the Consolidated Complaint for failure to state a claim to relief[1]; (3) proceeded the Consolidated Complaint's excessive force claim

---

[1] With respect to the Screening Order's partial dismissal of the Consolidated Complaint, the Court dismissed the: (1) claims against Shelby County, (2) claims against Defendants Davis, Stewart, Munphrey, and Elliott in their official capacities, (3) Eighth Amendment claims against

against Defendants Davis and Stewart in their individual capacities; (4) denied all pending motions (ECF Nos. 7 & 8); and (5) granted leave to amend within twenty-one days. (ECF No. 11 (the "Screening Order").)

Williams's deadline to amend the Dismissed Claims expired on Wednesday, March 2, 2022. Williams did not file amended claims and did not timely seek an extension of time to do so. On March 4, 2022, the Court dismissed the Dismissed Claims with prejudice. (ECF No. 13.)

On March 14, 2022, Williams filed a letter that alleges he amended the Dismissed Claims on February 25, 2022. Williams says that he gave the amendment to one of the Jail's officers to mail on February 28, 2022. (ECF No. 14 (the "Letter") at PageID 120.) Williams says he "had the notion that the notice ordering me to amend meant within 21 'business days.'" (*Id.*) However, Williams did not attach to the Letter his alleged amendment of the Dismissed Claims. Instead, he attached another letter to the Court dated February 12, 2022 (ECF No. 14-1 (the "Exhibit")) claiming that Williams is "going to amend the complaint to the best of my ability but due to lack of resources … the amendment might lack the sufficiency needed." (*Id.* at PageID 121.) The alleged amendment of the Dismissed Claims was never filed with the Court in February 2022 or March of 2022.

On March 15, 2022, summons returned executed as to Defendant Stewart. (ECF No. 15 (the "Stewart Service").) On March 15, 2022, summons returned unexecuted as to Defendant Davis. (ECF No. 16 at Page 127 (U.S. Marshal Service Process Receipt indicates: "Returned unexecuted. Officer is deceased").

---

Defendants Munphrey and Elliott in their individual capacities, (4) verbal harassment claims against all Defendants, and (5) claims for inadequate prison grievance procedure (collectively, the "Dismissed Claims")). (ECF No. 11.)

On April 5, 2022, counsel for Stewart entered an appearance in the case and filed: (1) Stewart's answer to the complaint; and (2) a Suggestion of Death about Defendant Davis. (ECF Nos. 17 – 19.)

Before the Court are: (1) the Letter (ECF No. 14), which the Court liberally construes as an application for extension of time to amend; and (2) the Suggestion of Death. (ECF No. 19.)

I.      **WILLIAMS'S REQUEST FOR EXTENSION OF TIME TO AMEND**

The Court liberally construes the Letter as an application seeking an extension of time for Williams to amend the Dismissed Claims.

Rule 15(a) of the Federal Rules of Civil Procedure allows amended pleadings before trial on the following conditions:

> (1)  Amending as a Matter of Course -- A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2)  Other Amendments -- In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

A.      **Williams May Not Amend As Of Right Under Rule 15(a)(1)**

Williams did not file a proposed amended pleading by Tuesday, April 5, 2022, which was twenty-one days after the Stewart Service. Williams never filed the alleged amendment to which the Letter and the Exhibit refer. (*See* ECF No. 14 at PageID 120; ECF No. 14-1 at PageID 121.) Williams cannot amend as a matter of course under Fed. R. Civ. P. 15(a)(1)(A).

3

The complaint is a pleading to which a responsive pleading is required.  *See* Fed. R. Civ. P. 12.  More than twenty-one days have passed after Stewart answered the complaint on April 5, 2022, *see* ECF No. 18, and Williams has not amended the Dismissed Claims.  Williams cannot amend as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).

Because Williams cannot amend his claims as a matter of course under Rule 15(a)(1), he may amend only with leave of Court pursuant to Rule 15(a)(2).

### B.  The Court Grants Leave To Amend Under Rule 15(a)(2)

Leave should be granted under Rule 15(a)(2) unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citation omitted); *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 807 (6th Cir. 2005) (citation omitted).

The Letter does not demonstrate good cause for an extension of time to amend the Dismissed Claims.  In the Exhibit, which Williams dated February 12, 2022 but did not file until March 14, 2022, Williams wrote: "I am going to amend the complaint to the best of my ability."  (ECF No. 14-1 at PageID 121.)  In the Letter, Williams contends that he "complete[d]" the alleged amendment on February 25, 2022.  (ECF No. 14 at PageID 120.)  Williams has never filed an alleged complaint or a copy of any such pleading.  The reasonable inference from the Letter is that, if Williams had actually prepared an amended complaint, he would have attached it to the Letter.  Instead, Williams attached only a letter that expresses his intent to amend.  (ECF No. 14-1.)  Williams has not filed anything in the case after he submitted the Letter.

In the Letter, Williams argues that calculation of the Screening Order's twenty-one (21) day amendment deadline should have excluded weekends. (ECF No. 14 at PageID 120 ("As in all business criterion, only business days are accounted for").) Williams's argument seems to be an attempt to deflect attention from his untimeliness and his failure to understand the applicable procedural rules. Federal Rule of Civil Procedure 6 states, in pertinent part, that when computing time under the Rules, "every day, including intermediate Saturdays, Sundays, and legal holidays," is counted in the deadline computation. Fed. R. Civ. P. 6(a)(1)(B). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Williams's failure to timely amend by Wednesday, March 2, 2022 cannot be excused based on his unfamiliarity with the Federal Rules of Civil Procedure and the Local Rules of this Court. The Court's website expressly notifies all *pro se* litigants: "The fact that you have chosen self-representation does not excuse you from complying with the Federal Rules of Civil Procedure … which are found in Title 28 of the United States Code, or this district's Local Rules." (*See* https://www.tnwd.uscourts.gov/pdf/content/ProSeGuide.pdf.) Williams incorrectly suggests that the Screening Order's amendment deadline is somehow improper because "the Order didn't specifically say business days or not." (ECF No. 14 at PageID 120.) As noted above, it is each *pro se* litigant's duty to familiarize himself with the applicable procedural rules.

For these reasons, there is adequate basis in the record to deny the Letter.

Nevertheless, because Williams is proceeding *pro se*, the Court GRANTS leave to amend the Dismissed Claims within FOURTEEN (14) DAYS of the date of this Order. If Williams wishes to amend the Dismissed Claims, he shall comply with the Screening Order's conditions of amendment. (*See* ECF No. 11 at PageID 112.) If Williams fails to amend the Dismissed Claims in a timely manner, the Court will dismiss the Dismissed Claims with prejudice.

**II.     SUGGESTION OF DEATH BY DEFENDANT STEWART**

On March 15, 2022, the USMS process server who attempted to serve Officer Davis wrote in the process receipt: "Officer is deceased." (ECF No. 16 at Page 127.) On April 5, 2022, Stewart's counsel "formally suggest[ed] the death of Defendant Derrius Davis on or about January 3, 2021 in Shelby County, Tennessee." (ECF No. 19.)

More than 120 days have passed since the summons was issued for Davis on February 9, 2022. (ECF No. 12.) Never having been served with the complaint, Davis is not a party in the case. *See* Fed. R. Civ. P. 4(m).

Based on the USMS process receipt (ECF No. 16), defense counsel's Suggestion of Death about Davis (ECF No. 19), and expiration of Rule 4(m)'s 120-day service period, Williams is ORDERED, within FOURTEEN (14) DAYS of the date of entry of this Order, to show cause why Davis should remain a named-Defendant in the case. If Williams fails to timely show cause and to provide an updated address for Officer Davis, the Court will dismiss with prejudice all claims against Davis in this case and will remove Officer Davis as a named-Defendant pursuant to Rule 4(m).

**III.    CONCLUSION**

For the reasons stated above:

A.     The March 4, 2022 Order Dismissing With Prejudice The Consolidated Complaint's Claims That Were Dismissed Without Prejudice In The Screening Order (ECF No. 13) is VACATED;

B.     The Letter (ECF No. 14) is GRANTED for the limited purpose of allowing Williams to amend the Dismissed Claims within FOURTEEN (14) DAYS of the date of this Order and in accordance with the conditions explained above; and

   C. Williams is ORDERED, within FOURTEEN (14) DAYS of the date of entry of this Order, to SHOW CAUSE, in accordance with the conditions explained above, why Davis should remain a named-Defendant in the case.

**SO ORDERED**, this 19th day of July, 2022.

            *s/John T. Fowlkes, Jr.*
            JOHN T. FOWLKES, JR.
            UNITED STATES DISTRICT JUDGE