IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRANCE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | )  No. 2:21-cv-02113-JTF-atc |
| v. | ) |
| | ) |
| DERRIUS DAVIS, ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING WITH PREJUDICE THE CLAIMS THAT PREVIOUSLY WERE DISMISSED WITHOUT PREJUDICE;
DISMISSING DERRIUS DAVIS AS A DEFENDANT;
AND DENYING PENDING MOTIONS (ECF NOS. 26 & 28)**

On July 19, 2022, the Court: (1) extended the deadline for *pro se* Plaintiff Terrance Williams to amend his § 1983 claims until Tuesday, August 2, 2022; and (2) ordered Williams to show cause, on or before August 2, 2022, why, subsequent to Defendant Officer Stewart's April 5, 2022 Suggestion Of Death Of Defendant Derrius Davis (ECF No. 19), Davis should remain a named-Defendant in the case. (*See* ECF No. 22 (the "July 19 Order").)

Before the Court are: (1) Williams's August 3, 2022 response to the July 19, 2022 Order (ECF No. 27 (the "Response")); and (2) Williams's August 3, 2022 and August 4, 2022 motions for appointment of counsel. (ECF No. 26 & 28 (the "Motions").)

**I.  WILLIAMS'S FAILURE TO SHOW CAUSE WHY DAVIS SHOULD REMAIN A NAMED-DEFENDANT**

The Response contends that Davis should remain a named-Defendant because Davis allegedly "led the vicious assault in which he influenced others to brutally attack [Williams], and no matter if the defendant is deceased or not, he should pay for his wrongdoing." (ECF No. 27 at

PageID 155-56 ("I truly believe [Davis] should remain as a defendant, and due to his unfortunate demise, his employer should be at fault").)

Federal Rule of Civil Procedure 25(a) provides the procedure for substitution after the death of a party:

> (1) Substitution If The Claim Is Not Extinguished: If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (2) Continuation Among the Remaining Parties: After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service: A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a).

The Court first considers whether Williams's claims against Davis were extinguished after Davis's death under Rule 25(a)(1). Section 1983 does not deal expressly with the question of survivorship. The United States Supreme Court has concluded that issues of survivorship arising in civil rights cases are governed by 42 U. S. C. § 1988(a), which provides that when federal law is "deficient in the provisions necessary to furnish suitable remedies ..., the common law, as modified and changed by the constitution of the State" shall apply "so far as the same is not inconsistent with the Constitution and laws of the United States ..." *Robertson v. Wegmann*, 436 U. S. 584, 588 (1978) (concluding that survivorship of a claim under 42 U.S.C. § 1983, is governed by § 1988 which "instructs us to turn to the [law] ... of the [forum] State"). Tennessee Code Annotated § 20-5-101 provides that "[a]ctions do not abate by the death or other disability of either party ... if the cause of action survives or continues." Tennessee law allows for the survival of all

civil actions upon the death of either party "except actions for wrongs affecting the character of the plaintiff." *See* Tenn. Code Ann. § 20-5-102. In *Crabbs v. Scott*, 880 F.3d 292 (6th Cir. 2018), the Sixth Circuit characterized all § 1983 actions as claims for personal injury that, in Tennessee, do not abate upon the death of one of the parties to the litigation. Applying the Sixth Circuit's reasoning to Williams's excessive force claim against Davis under § 1983, Williams's claim against Davis is characterized as a personal injury claim, which survives Davis's death. Based on the relevant case law and Tennessee statutes, Williams's excessive force claim against Davis is not extinguished by Davis's death.

The Court next considers whether it has personal jurisdiction over Davis's successors-in-interest. Rule 25(a)(3) requires that a motion to substitute and a suggestion of death both be served -- pursuant to Rule 5 for parties, and pursuant to Rule 4 for nonparties. Davis's successor-in-interest, whoever that may be, is a nonparty to Williams's lawsuit. As such, the successor must have been served, pursuant to Rule 4, with a motion by Williams to substitute Davis and with Stewart's suggestion of death. *See Giles v. Campbell*, 698 F. 3d 153, 158 (3d Cir. 2012). Because Williams has not timely filed a motion to substitute by July 5, 2022, and has not served such motion with Stewart's suggestion of death pursuant to Rule 4, Williams's claims against Davis must be dismissed. *See* Fed. R. Civ. P. 25(a)(1). Williams has not shown cause why Davis should remain a named-Defendant in the case.

For these reasons, Defendant Derrius Davis is **DISMISSED** as a named-Defendant from the case. The Clerk shall **MODIFY** the docket to remove Derrius Davis as a Defendant.

## II.  WILLIAMS'S FAILURE TO TIMELY AMEND THE CLAIMS THAT THE COURT PREVIOUSLY DISMISSED

On February 9, 2022, the Court: (1) consolidated Williams's initial complaint (ECF No. 1) and amended complaint (ECF No. 6) for screening purposes (the "Consolidated Complaint") under

3

the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*.; (2) partially dismissed the Consolidated Complaint[1] for failure to state a claim to relief; (3) proceeded the Consolidated Complaint's excessive force claim against Defendants Davis and Stewart in their individual capacities; (4) denied all pending motions (ECF Nos. 7 & 8); and (5) granted leave to amend within twenty-one days. (ECF No. 11 (the "Screening Order").)

Williams's deadline to amend the Dismissed Claims expired on Wednesday, March 2, 2022. Williams did not file amended claims and did not seek an extension of time to do so. On March 4, 2022, the Court dismissed the Dismissed Claims with prejudice. (ECF No. 13.)

On March 14, 2022, Williams filed a letter contending that he amended the Dismissed Claims on February 25, 2022. (ECF No. 14.) The alleged amendment of the Dismissed Claims was never filed with the Court in February 2022 or March of 2022. Nevertheless, on July 19, 2022, the Court granted Williams fourteen (14) additional days to amend the Dismissed Claims. (ECF No. 22.)

Williams's deadline to amend the Dismissed Claims expired on Tuesday, August 2, 2022.

The Response does not amend the Dismissed Claims. (*See* ECF No. 27.) Instead, the Response expresses Williams's opinions about the Defendants' alleged conduct at issue in the complaint. Williams asks for a third extension of time to amend "if this show of cause does not satisfy the requirements in the [July 19 Order]." (*Id*. at PageID 155.) The Response unequivocally fails to satisfy the July 19 Order's provisions about amending the Dismissed Claims.

---

[1] The Court dismissed the: (1) claims against Shelby County, (2) claims against Defendants Davis, Stewart, Munphrey, and Elliott in their official capacities, (3) Eighth Amendment claims against Defendants Munphrey and Elliott in their individual capacities, (4) verbal harassment claims against all Defendants, and (5) claims for inadequate prison grievance procedure (collectively, the "Dismissed Claims"). (*See* ECF No. 11.)

4

The July 19 Order expressly notified Williams that he could "amend the Dismissed Claims within FOURTEEN (14) DAYS of the date of this Order." (ECF No. 22 at PageID 146 & 147.) The Response does not allege any amended § 1983 claims and does not attach a proposed amended complaint. (*See* ECF No. 27.)

For this reason, the Court **DISMISSES** the Dismissed Claims **WITH PREJUDICE** for the reasons discussed in the Court's prior Orders. (*See* ECF Nos. 11, 13 & 22.)

### III.    WILLIAMS'S MOTIONS FOR APPOINTMENT OF COUNSEL

The Motions seek "assistance of counsel due to the complexity of the case." (ECF No. 26 at PageID 153; ECF No. 28 at PageID 158.) Williams acknowledges that, although "he is not an attorney," he is "familiar with the Federal Rules of Civil Procedure." (*Id.*)

Pursuant to 28 U.S.C. § 1915(d), the "court may request an attorney to represent any such person unable to employ counsel." However, "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). Section 1915(d) "does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in a case, court analyze the merits of claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985).

The Motions do not demonstrate "exceptional circumstances" to warrant appointment of counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Williams's lack of formal legal training does not constitute exceptional circumstances for purposes of appointment of counsel. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Williams has filed numerous pleadings (ECF Nos. 1 & 6) and motions (ECF Nos. 2, 7, 8, 20, 21, 26 & 28) in this case. It appears that Williams can prosecute his case from prison.

The Motions (ECF Nos. 26 & 28) are **DENIED**.

**IV.   CONCLUSION**

For the reasons stated above:

A.   Defendant Derrius Davis is **DISMISSED** as a named-Defendant from the case;

B.   The Dismissed Claims are **DISMISSED WITH PREJUDICE**; and

C.   The Motions (ECF Nos. 26 & 28) are **DENIED**.

**SO ORDERED**, this 19th day of August, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE